ACCEPTED
13-15-00127-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/16/2015 2:49:47 PM
CECILE FOY GSANGER
CLERK

NO. 13-15-00127-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/16/2015 2:49:47 PM
CECILE FOY GSANGER
Clerk

IN THE COURT OF APPEALS FOR THE
THIRTEENTH JUDICIAL DISTRICT
CORPUS CHRISTI, TEXAS

_____

TOM TUCKER,
Cross Appellee

v.

CARL BEDGOOD AND LAURA BEDGOOD,
Cross Appellants

_____

FROM THE COUNTY COURT AT LAW NO. ONE OF
VICTORIA COUNTY, TEXAS
THE HONORABLE TRAVIS ERNST, PRESIDING

_____

BRIEF OF CROSS-APPELLEE

_____

Robert P. Houston
Attorney at Law
30 Meadow View
Victoria, Texas  77904
(361) 573-5700
(361) 573-5040 Facsimile
rph@rphouston.com
ATTORNEY FOR APPELLEE
TOM TUCKER

IN THE COURT OF APPEALS FOR THE
THIRTEENTH JUDICIAL DISTRICT
CORPUS CHRISTI, TEXAS

_____

TOM TUCKER,
Cross-Appellee,

v.

CARL BEDGOOD AND LAURA BEDGOOD,
Cross-Appellant

_____

FROM THE COUNTY COURT AT LAW NO. ONE OF
VICTORIA COUNTY, TEXAS
THE HONORABLE TRAVIS ERNST, PRESIDING

_____

TO THE HONORABLE JUSTICES OF THE THIRTEENTH COURT OF

APPEALS:

Cross-Appellee Tom Tucker (hereafter Tucker) files this brief in response to

the Cross-Appellant's Brief filed by Carl Bedgood and Laura Bedgood (hereafter

Bedgood) respectfully requesting that the trial court's denial of Bedgoods' request

for attorney fees only be affirmed in all respects.

# TABLE OF CONTENTS

Page:

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Issues Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Summary of theArgument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# Index of Authorities

*Cases:*                                                                 *Page:*

*McConnell v. Southside Independent School District,*

    858 S.W.2d 337 (Tex. 1993)..................................................................4

*Statutes & Rules:*

Rule 166a[c] Tex. R. Civ. P. ....................................................................3

Rule 301 Tex. R. Civ. P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Rule 67 Tex. R. Civ. P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

# ISSUE PRESENTED

## I.

**The Trial Court was Correct in Failing to Award Attorney's Fees to Cross-Appellant.**

## STATEMENT OF FACTS

The Cross-Appellant's Statement of Facts completely ignores the basis for the Trail Court's decision and is not germane to the sole issue presented in their appeal. As shown below, the salient facts which precluded an award of attorney fees to Bedgood are procedural in nature and are not in controversy.

Simply put, the fact is that Bedgood neither pled for attorney fees on the basis they now seek them nor did they request summary judgment on the grounds they now raise and therefore, it would have been clear reversible error if the Trial Court had awarded them their requested fees.

The Bedgoods' claim for attorney fees is found in their pleading denominated **"Defendant Laura Bedgood's Answer and Counter Claims, Defendant's Second Amended Answer and Counter Claims, and Defendant's Tex. Civil Practice & Remedies Code 10 Motion For Sanctions & Request For Hearing."** *(CR 80-94)* This was the live pleading on which they based their Traditional Motion for Summary Judgment and in this pleading they specifically limited their claim to two separate and distinct allegations. First they alleged that Tucker had breached the 2008 Mutual Release, thus entitling them to attorney fees pursuant to Chapter 38, Texas Civil P. & Remedies Code. *(CR-90)*. Second, they alleged a claim for a declaratory judgment regarding their rights and obligations

1

under the 2008 Mutual Release and pled that they could recover attorney fees pursuant to Chapter 37, Texas Civil P. & Remedies Code. *(CR 90).*

In Bedgoods' Traditional Motion for Summary Judgment, they simply reiterated their claim of breach of the Mutual Release as the sole basis for awarding them attorney fees. *(CR 125)*

Since Bedgood never alleged in their live pleading or their Traditional Motion for Summary Judgment any claim that they were seeking attorney fees pursuant to the terms of the Earnest Money Contract with Bryan, the Trial Court had no alternative but to disallow attorney fees on such basis.

## SUMMARY OF THE ARGUMENT

Rule 166a[c] Tex R. Civ. P. unambiguously provides that "The motion for summary judgment shall state the specific grounds therefore". The Supreme Court has held that "a motion for summary judgment must itself expressly present the grounds upon which it is made" and it would be reversible error for a trial court to grant relief on a basis not specifically alleged in the motion.

Since Bedgood did not plead for an award of attorney fees under the earnest money contract with Bryan and since they did not seek summary judgment on that basis, they were not entitled to an award of attorney fees by the Trial Court on that basis.

## ARGUMENT

### Standard of Review

Bedgood cites Tex. R. Civ. P. 301 and Tex. R. Civ. P. 67 as authority for their contention that a trial court may award attorney fees in a summary judgment proceeding even if the movant wholly fails to expressly state the grounds upon which it seeks such relief. This is an incorrect statement of the law and an improper standard of review.

The rule that controls the disposition of this appeal is Rule 166a[c] Texas R. Civ. P. And that rule unambiguously requires that the specific grounds for summary judgment must be set forth in the written Motion for Summary Judgment

3

and cannot be found in a written brief or in oral argument. Moreover, the non-movant has no duty to object or otherwise except to statements in a brief or oral argument raising grounds not set forth in the motion since: "The motion for summary judgment must itself state specific grounds on which judgment is sought" and "The motion for summary judgment must stand or fall on the grounds it specifically and expressly sets forth." *McConnell v. Southside Independent School District* 858 S.W.2d 337 (Tex. 1993).

**<u>Questions raised on appeal</u>**

Cross-Appellants' issue on appeal raises two subsidiary, but fundamental, legal questions for determination by this Court, to wit:

1) Is it imperative that a movant expressly state in the written motion for summary judgment the specific ground on which it seeks summary judgment?

2) If the movant fails to expressly state the specific ground on which it seeks summary judgment, is it necessary that the non-movant object to such failure?

Fortunately, neither of these is an open question, since both have been conclusively answered by the Texas Supreme Court.

**A motion for summary judgment must expressly and specifically state the grounds for seeking the summary judgment.**

In *McConnell v. Southside Independent School District* 858 S.W.2d 337 (Tex. 1993) the Texas Supreme Court was called on to decide whether or not a Motion for Summary Judgment must expressly set out the specific grounds on which the judgment is sought. There, a trial court entered a summary judgment based on a general allegation in a Motion for Summary Judgment that there were no genuine issues of fact and therefore summary judgment was proper. The movant also filed a brief in which it set out with specificity each ground for its allegation that there was no fact issue in the case.

On appeal from the granting of the summary judgment, the non-movant argued that since the motion did not set out the specific grounds underlying the claim that there was no fact issue, summary judgment was improper, even though the movant did set out expressly and with specificity the grounds for the motion in a brief filed contemporaneously with the filing of the motion and even though the parties argued about each ground at the oral hearing on the motion.

In considering the non-movant's appeal, the Supreme Court stated that "This case presents the question whether grounds for summary judgment must be expressly presented in the motion for summary judgment itself or whether such grounds may be presented in either a brief filed contemporaneously with the

motion or in the summary judgment evidence." The court answered this question by stating "We conclude that grounds for summary judgment must be expressly presented in the summary judgment motion itself."

The Court then cited rule 166a[c] Tex. R. Civ. Proc. which it said "plainly provides 'The motion for summary judgment shall state the specific grounds therefor.'" Accordingly, the court held that the rule means what it says and that if the motion fails to expressly set out the specific grounds supporting the request for judgment, it is error if the court grants the motion.

In the present case, Bedgood did state expressly and specifically the grounds on which they sought summary judgment. *(CR 90).* Their problem is that these are not the grounds they now claim supports an award of attorney fees.

### Bedgood alleged in their live pleadings and in their Traditional Motion for Summary Judgment the specific basis on which they claimed to be entitled to an award of attorney fees.

The Bedgood's live pleading is denominated "***Defendant Laura Bedgood's Answer and Counter Claims, Defendant's Second Amended Answer and Counter Claims, and Defendant's Tex. Civil Practice & Remedies Code 10 Motion For Sanctions & Request For Hearing."*** *(CR 80-94)* In that pleading, Bedgood expressly stated that their counter-claim against Tucker was for attorney fees and that the basis on which they were entitled to an award of attorney fees was Chapter 38, Tex. Civ. Practice & Remedies Code. They then stated that under this statute

they were entitled to an award of attorney fees because Tucker breached the 2008 Mutual Release with Bedgood.

As an alternative to this basis, Bedgood also pled their entitlement to attorney fees under Chapter 37, Tex. Civ. Practice & Remedies Code, because they were seeking a declaration of their rights and obligations under the Mutual Release. *(CR 91)*

Bedgood then filed their Traditional Motion for Summary Judgment expressly stating that they were entitled to attorney fees because Tucker had breached the Mutual Release. *(CR-125)*.[1] They stated no other grounds for the relief they requested.

Nowhere in their live pleadings or in their Motion for Summary Judgment did Bedgood claim a right to recovery of attorney fees under the terms of the Bryan earnest money agreement. *(CR 80-94; CR 109–131)*.

**<u>Tucker responded by challenging in writing Bedgoods' right to attorney fees on the grounds set forth in their live pleadings and motion and Bedgood made no reply to that challenge.</u>**

Tucker responded to the motion for summary judgment by citing the legal authorities that hold that a party to a release cannot, in the absence of specific contractual language to the contrary, recover attorney fees for breach of the release.

---

[1] It is important to note that in their Traditional Motion for Summary Judgment Bedgood did not invoke, plead or seek to recover attorney fees under the Declaratory Judgment Act. The sole basis for their claim for attorney fees in their motion was the alleged breach of the Mutual Release.

*(CR 286-288).* Bedgood never challenged those authorities or argued that the law is to the contrary. Indeed, in this appeal, Bedgood makes no claim that this is not a correct statement of the law or that the trial court erred in failing to award them attorney fees for breach of the Mutual Release. Instead, Bedgood claims that it was error for the court to refuse to grant summary judgment on a different, unpled ground that is completely unrelated to that set forth in the motion.

### Tucker had no duty to object or otherwise except to grounds orally raised by Bedgood that were not set forth in their Motion for Summary Judgment.

Bedgood does not claim that they actually complied with the requirement that their motion expressly state the basis for their request for attorney fees. Rather they contend that Tucker's attorney failed to "object to Pierce's argument regarding attorney fees under the earnest money contract. *(Cross-Appellants Brief p.7)* And then Bedgood makes the totally unfounded claim that because they sought attorney fees in their motion (albeit on a specific ground unrelated to the ground they now allege) and because Bedgoods' attorney orally raised the issue at the hearing on the motion, the issue of attorney fees was both pled and preserved for appeal because Tucker did not object to consideration of this ground. But the Texas Supreme Court expressly addressed this type of argument in *McConnell* supra, and rejected it out of hand.

8

In *McConnell,* the plaintiff who was trying to uphold the award of summary judgment argued that even if he had not expressly set forth the specific ground on which he was seeking summary judgment, he had made that ground clear to the trial judge in a brief and at the oral hearing on the motion. The Supreme Court however held that while a specific ground had been made known to the trial judge, and the matter had been briefed and argued, and apparently the Judge had granted judgment based on such ground, all that was insufficient if the ground was not expressly set forth in the written motion.

Moreover, the Court held that if the underlying pleadings and motion set forth ground A & B as a basis for entry of the summary judgment, but the parties then orally raise, brief and argue ground C & D, it would be reversible error for the court to grant the summary judgment on grounds not set forth in the written motion.

Here, Bedgood specifically pled the basis on which they sought summary judgment (breach of the Mutual Release), but then tried to raise a different ground (prevailing party provision of the Bryan earnest money contract) orally at the hearing and in a motion for reconsideration. Under the clear holding of the Supreme Court this is not sufficient and the trial court was completely correct in denying attorney fees to Bedgood.

## Conclusion

Bedgoods' failure to allege in their Motion for Summary Judgment the earnest money contract as a ground for awarding them attorney fees was fatal to their attempt to get such fees. The trial court's decision as to attorney fees was mandated by the Supreme Court and is therefore not reversible error.

## Prayer

WHEREFORE, Cross Appellee Tom Tucker requests that this court affirm only the Trial Court's denial of attorney fees to Cross Appellant, and for all other relief to which he is entitled.

Respectfully submitted,

_____

/s/ Robert P. Houston
Robert P. Houston
Attorney at Law
30 Meadow View
Victoria, Texas  77904
(361) 573-5700
(361) 573-5040 Facsimile
ATTORNEY FOR APPELLEE

## Certificate of Service

This is to certify that a true correct and complete copy of Cross Appellee's Brief has been sent to all parties to the judgment by electronic filing on this 16 day of July, 2015, as follows:

/s/ Robert P. Houston
Robert P. Houston


Rachel Klotzman
603 Mesquite Lane
Victoria TX  77904
rachel@klotzmanlaw.com


## Certificate of Compliance

I hereby certify that the applicable parts of the Brief of Cross Appellee contains a total of  2,400 words, as verified by the software of Word Perfect X5, in compliance with Tex. R. App. P 9.4(I)(2)(B)

/s/ Robert P. Houston
Robert P. Houston